* * * The fact that there may be a complete electrical circuit is immaterial in view of the fact that the primary function of the device is merely to measure resistance and not to measure the flowage of electricity.

The Government here contends that "The term 'flowage of * * * electricity' includes all phases of such flowage and any device or mechanism intended or suitable for measuring any phase of such flowage, such as an ammeter, voltmeter, or a galvanometer, would therefor [sic] come within the purview of paragraph 368 as modified, *supra*," citing *Ferranti, Ltd.* v. *United States* (C.C.) 69 Treas. Dec. 609, T.D. 48242, and *Westinghouse Electric & Manufacturing Co.* v. *United States* (C.C.) 68 Treas. Dec. 837, T.D. 48049.

In the *Westinghouse* case, the court held that a galvanometer was an instrument intended or suitable for measuring the flowage of electricity.

In the *Ferranti* case, *supra*, certain ammeters and voltmeters were held to be properly classifiable as instruments or devices intended or suitable for measuring the flowage of electricity.

In the above two cases cited by the Government, the testimony satisfied the court that the articles in controversy did, in fact, measure the flowage of electricity.

In the case now before us, the testimony of the only witness who appeared is not contradicted or refuted in stating that neither of the instruments in controversy is designed or intended for use in measuring the flowage of electricity. The Toho tester is used to indicate voltage and current, both of which are components of electricity, or to determine resistance. The meter has many applications, such as determining the frequency of radio signals in a grid dip meter, frequency of radiation energy, proper operating conditions of a tube, and several other uses in electronic devices.

The testimony of Lichterman brings this case more in harmony with the decisions in the *Lucas* and *Agfa* cases, *supra*. Here, as there, the instant devices indicate the *presence* of electricity but do not *measure the flowage* thereof.

We have examined other cases cited by adversary counsel in their briefs but find it unnecessary to review them here.

Upon the undisputed testimony of the only witness who appeared herein and for the reasons stated, we find and hold that the subject merchandise is not intended or suitable for measuring the flowage of electricity within the meaning of paragraph 368 of the Tariff Act of 1930, as modified, *supra*, but consists of articles having as an essential feature an electrical element within the meaning of paragraph 353 of said act, as modified, *supra*, for which duty at the rate of 13¾ per centum ad valorem is provided. That claim in the protests is, therefore, sustained. The claim for classification in said paragraph 353, as modified, as radio or television apparatus is found to be unsupported and is, therefore, overruled.

Judgment will issue in accordance with the views above expressed.

No. 65769.—D. P. Harris Hardware & Mfg. Co. et al. *v.* United States, protests 302646–KS, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiffs was sustained.

**No. 65770.**—Seedman International Corp. v. United States, protests 61/2019 and 61/2042 (Baltimore).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiff was sustained.

**No. 65771.**—Seedman International Corp. v. United States, protest 61/2135–11687 (Chicago).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiff was sustained.

**No. 65772.**—Leyden Customs Expediters, Inc. v. United States, protest 60/26021 (New York).

Opinion by LAWRENCE, J. From a review of the record in this case, the court found nothing tending in any way to overcome the presumption of correctness attaching to the classification by the collector. The protest was, therefore, overruled.

**No. 65773.**—Israel Religious Art, Inc. v. United States, protest 60/26536 (New York).